**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

STEVEN WAYNE BONILLA,                    No. 2:18-CV-1198-CMK-P

       Plaintiff,

  vs.                                               ORDER

JOSEPH A. SOLDANI,

       Defendant.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

       Though plaintiff has initiated this action by filing a form complaint employed by the United States District Court for the Northern District of California, plaintiff appears to challenge the fact or duration of his current confinement at San Quentin State Prison pursuant to a capital murder conviction out of Alameda County.  To the extent plaintiff is raising claims which would be cognizable in a habeas corpus action under 28 U.S.C. § 2254, courts in both the district of conviction and the district of confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners.  See 28 U.S.C. § 2241(d); see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973).  In this case, because the county of

1

conviction is located within the boundaries of the Northern District of California and because the place of incarceration is also located in the Northern District of California, that court is the proper venue to hear the matter under § 2254.

To the extent the action is construed as a civil rights complaint under 42 U.S.C. § 1983, the federal venue statute requires that the action be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  See 28 U.S.C. § 1391(b).  Here, to the extent plaintiff is challenging the conditions of his confinement at San Quentin State Prison, the claim(s) arose in Marin County, which is within the boundaries of the United States District Court for the Northern District of California.

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.


DATED:  May 24, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

2